UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTONIO D. SMITH THEE,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-668 (RBW) |
| | ) | |
| U.S. SECRET SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The plaintiff, Antonio D. Smith Ttee, proceeding pro se, brings this civil action against the defendant, the United States Secret Service, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, alleging various acts of tortious conduct by an individual to whom he refers as "Agent Plakas[,]"[2] including claims of false arrest, unlawful detention, malicious prosecution, abuse of due process, obstruction of justice, failure to identify, coercion, copyright breach, racketeering, and violations of the Fourth and Fifth Amendments. See generally Defendant's Notice of Removal of a Civil Action, Exhibit ("Ex.") A (Complaint for Civil Action ("Compl.")), ECF No. 1-1. Currently pending before the Court is the defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). See Defendant's Motion to Dismiss Plaintiff's Complaint ("Def.'s Mot.") at 1, ECF No. 7. Upon

---

[1] The plaintiff has noted in his filings that his name is spelled Smith Ttee. See e.g., Plaintiff's Motion to Oppose Defendant[']s Motion to Dismiss ("Pl.'s Opp'n") at 1, ECF No. 8. However, the docket in this case reflects both spellings as of the writing of this Order. The Court will hereinafter adopt the plaintiff's spelling of his name for the purposes of this Memorandum Opinion.

[2] The plaintiff does not clearly allege Agent Plakas's agency affiliation. See Compl. at 13.

careful consideration of the parties' submissions,[3] the Court concludes for the following reasons that it must grant the defendant's motion to dismiss for lack of subject-matter jurisdiction.

## I. BACKGROUND

### A. Factual Background

The following factual allegations are accepted as true for the purpose of resolving the motion to dismiss and are derived from the plaintiff's Complaint unless otherwise specified. The plaintiff alleges that, on December 1, 2023, he was pulled over and "arrested without a [Fif]th [A]mendment warrant for driving without a permit" by an individual whom he identifies as Agent Plakas. Compl. at 13. The plaintiff asserts that he provided Agent Plakas with his "registration and a few of [his] files," and that Agent Plakas "went away and then came back," stating that "all of [his] info[rmation] came back as [not applicable]." Id. In response, the plaintiff represents that he identified himself to Agent Plakas as "a non[-]resident National[.]" Id. The plaintiff further represents that he was eventually "arrest[ed] for operating a vehicle without a permit" and that his vehicle was impounded. Id. The plaintiff was subsequently transported to the "[Seco]nd [D]istrict [P]olice [D]epartment" and was allegedly told that he would be released "after the Secret Service finished what they were doing for their investigation." Id. The plaintiff claims that he was "release[d] from the [Seco]nd [D]istrict [P]olice [D]epartment custody a few minutes before midnight[,]" id., and later noticed, among other things, that "[he] couldn't watch the entire night[']s events because one of the agents opened [his] passenger door and unplugged [his] dash camera[,]" id.

---

[3] In addition to the filings already identified, the Court also considered the following submissions in rendering its decision: (1) the Defendant's Notice of Removal ("Def.'s Notice"), ECF No. 1; (2) the Memorandum in Support of Motion to Dismiss the Complaint by United States Secret Service ("Def.'s Mem."), ECF No. 7-1; and (3) the Reply in Further Support of Defendant's Motion to Dismiss ("Def's. Reply"), ECF No. 9.

2

B.     **Procedural Background**

On January 12, 2024, the plaintiff filed his Complaint in the Superior Court of the District of Columbia, see Def.'s Notice ¶ 1, seeking $55,700,000 in damages for his claims of false arrest, malicious prosecution, and Fifth Amendment violations, see Compl. at 13–16, 46–47.  On March 8, 2024, the defendant removed the action to this Court, see id. at 1–2, based on it being "a component, agency, or official of the United States" pursuant to 28 U.S.C. § 1442(a)(i), id. ¶ 2.

On May 14, 2024, the defendant moved to dismiss the plaintiff's claims for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a plausible claim for relief.  See Def.'s Mem. at 5.  On June 10, 2024, the plaintiff filed his opposition to the defendant's motion to dismiss.  See Pl.'s Opp'n at 1.  And, on June 17, 2024, the defendant filed its reply to the plaintiff's opposition and in support of its motion to dismiss.  See Def.'s Reply at 2.

II.     **STANDARD OF REVIEW**

A.     **Federal Rule of Civil Procedure 12(b)(1)**

"Federal district courts are courts of limited jurisdiction[,]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), and therefore, "[a] motion for dismissal under [Federal Rule of Civil Procedure] 12(b)(1) 'presents a threshold challenge to the [C]ourt's jurisdiction[,]'" Morrow v. United States, 723 F. Supp. 2d 71, 75 (D.D.C. 2010) (Walton, J.) (quoting Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987)).  Thus, the Court is obligated to dismiss a claim if it "lack[s] . . . subject matter jurisdiction[.]"  Fed. R. Civ. P. 12(b)(1).  And, because "it is to be presumed that a cause lies outside [the Court's] limited jurisdiction," Kokkonen, 511 U.S. at 377, the plaintiff bears the burden of establishing by a preponderance of

3

the evidence that a district court has subject matter jurisdiction, see Nurse v. Sec'y of Air Force, 231 F. Supp. 2d 323, 326 (D.D.C. 2002) (Walton, J.) (citations omitted).

In deciding a motion to dismiss based on lack of subject matter jurisdiction, the Court "need not limit itself to the allegations of the complaint." Grand Lodge of the Fraternal Ord. of Police v. Ashcroft, 185 F. Supp. 2d 9, 14 (D.D.C. 2001). Rather, the "[C]ourt may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." Scolaro v. D.C. Bd. of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see also Jerome Stevens Pharms., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253 (D.C. Cir. 2005). Additionally, the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged[.]'" Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp., 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)). However, "the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13–14 (alterations in original) (citation and internal quotation marks omitted). And, the Court "need not accept bare legal conclusions nor unsupported inferences." Campaign Legal Ctr. v. Fed. Election Comm'n, No. 22-cv-3319 (CRC), 2024 WL 4263853, at *5 (D.D.C. Sept. 23, 2024) (citing Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002)).

### B.  Pro Se Filings

In applying the framework above, the Court must be mindful of the fact that the plaintiff here is proceeding pro se. The pleadings of pro se parties are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, all factual allegations by a pro se litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether to grant a motion to dismiss. See Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999). Nonetheless, a "pro se complaint, like any other, must present a claim upon which relief can be granted by the court." Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

### III.   ANALYSIS

The defendant argues that the Court lacks subject-matter jurisdiction over the plaintiff's claims because "[he] has not shown that he has complied with the FTCA's administrative exhaustion prerequisites to bringing suit against the United States." Def.'s Mem. at 12.[4] The defendant further contends that "to the extent that [p]laintiff alleges a Fifth Amendment constitutional tort claim, it is barred by the United States' sovereign immunity." Id. at 14. The plaintiff does not contest any of the defendant's arguments. Because the Court ultimately agrees with the defendant that (1) the "[plaintiff] has not pled that he has exhausted his administrative remedies, nor has he attached any record showing such exhaustion[,]" id. at 13, and (2) the FTCA does not waive sovereign immunity for constitutional torts, id. at 9–10, the Court concludes that the plaintiff's claims must be dismissed in this case for lack of subject-matter jurisdiction.

---

[4] The defendant also argues that the "plaintiff has failed to properly serve his complaint [on the defendant,]" Def.'s Mem. at 9, and that "even if [the] [p]laintiff manages to effect proper service, his Complaint cannot survive the instant motion to dismiss under Rules 12(b)(1) and (6)[,]" id. at 20, because the plaintiff "fail[s] to plead a plausible claim of any kind against the [U.S. Secret Service,]" id. However, because the Court has determined that it lacks subject-matter jurisdiction over this action, it need not reach the defendant's additional arguments. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction[,] the [C]ourt cannot proceed at all in any cause."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") (emphasis added).

A.     **Whether the Court Has Subject-Matter Jurisdiction over the Plaintiff's Claims Pursuant to the Federal Tort Claims Act**

"The FTCA allows those injured by federal employees to sue the United States for damages[,]" Martin v. United States, 145 S. Ct. 1689, 1695 (2025), by waiving the sovereign immunity of the federal government and "grant[ing] federal district courts jurisdiction over claims arising from certain torts committed by federal employees in the scope of their employment[,]" Sloan v. U.S. Dep't of Hous. & Urban Dev., 236 F.3d 756, 759 (D.C. Cir. 2001) (citing 28 U.S.C. §§ 1346(b), 2674).  However, "[t]he FTCA bars claimants from bringing suit in federal courts until they have exhausted their administrative remedies."  McNeil v. United States, 508 U.S. 106, 113 (1993) (affirming dismissal of the plaintiff's FTCA claim for lack of subject-matter jurisdiction due to the plaintiff's failure to exhaust administrative remedies); Davis v. United States, No. 24-cv-3294 (RDM), 2025 WL 42748, at *2 (D.D.C. Jan. 7, 2025) (dismissing the plaintiffs' FTCA claims for lack of jurisdiction due to the plaintiff's failure to exhaust administrative remedies).  Therefore, under the FTCA, "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant [has] first presented the claim to the appropriate Federal agency and his claim [has] been finally denied by the agency."  28 U.S.C. § 2675(a).

"[T]he FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action [is] jurisdictional."  Simpkins v. D.C. Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997); see also Rasul v. Myers, 563 F.3d 527, 528 n.1 (D.C. Cir. 2009) ("Since [the] plaintiffs failed to exhaust their administrative remedies as required by the FTCA, the district court lacked jurisdiction." (internal citations omitted)); Odin v. United States, 656 F.2d 798, 802 (D.C. Cir. 1981) (stating that 28 U.S.C. § 2675(a) is a "'jurisdictional prerequisite[ ]' to suit"); Davis v. United States, 944 F. Supp. 2d 36, 39 (D.D.C. 2013) ("The plaintiff's failure to

6

submit an administrative claim under the FTCA to the [agency] prior to filing this lawsuit deprives this Court of subject[-]matter jurisdiction."). Because the exhaustion requirement is jurisdictional, the burden of proving that the exhaustion requirement has been satisfied rests with the plaintiff. See Stoddard v. U.S. Parole Comm'n, 900 F. Supp. 2d 38, 41 (D.D.C. 2012) ("[The p]laintiff bears the burden of proving exhaustion, which is a jurisdictional prerequisite to filing an FTCA lawsuit.") (internal citations omitted); Davis, 2025 WL 42748, at *2 ("The burden of proving exhaustion rests with the plaintiff[.]"); Schmidt v. U.S. Capitol Police Bd., 826 F. Supp. 2d 59, 69 (D.D.C. 2011) (same). Thus, where "Congress requires resort to the administrative process as a predicate to judicial review . . . a court cannot excuse it[,]" Avocados Plus Inc. v. Veneman, 370 F.3d 1243, 1247 (D.C. Cir. 2004), and the failure to plead exhaustion of the administrative process deprives the Court of subject-matter jurisdiction, see Norton v. United States, 530 F. Supp. 3d 1, 5–6 (D.D.C. 2021) (dismissing FTCA claims for lack of subject-matter jurisdiction because the "[p]laintiff failed to adhere to the FTCA's exhaustion requirement"); Wang v. United States, No. 23-cv-2810 (TJK), 2024 WL 3673573, at *4 (D.D.C. Aug. 6, 2024) (dismissing FTCA claims for lack of jurisdiction where the plaintiffs failed to "me[e]t their burden of showing that they satisfied the presentment requirement because there is no proof that the agency received their claim form"); Lamb v. Millennium Challenge Corp., 573 F. Supp. 3d 346, 364 (D.D.C. 2021) (dismissing FTCA claim for lack of subject-matter jurisdiction where the plaintiff filed suit before exhausting administrative remedies and could not "cure this jurisdictional defect" by supplementing Complaint after exhaustion); Harris v. Wilson, 282 F. Supp. 3d 80, 86 (D.D.C. 2017) (holding that the "plaintiff's tort claims are specifically excluded under the FTCA because [the] plaintiff has failed to exhaust her administrative remedies").

An FTCA claim is deemed "presented" to an agency when a plaintiff provides the agency with "(1) a written statement sufficiently describing [his] injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." GAF Corp. v. United States, 818 F.2d 901, 905 (D.C. Cir. 1987); see also Menifee v. U.S. Dep't of the Interior, 931 F. Supp. 2d 149, 161 (D.D.C. 2013) (same). The agency must also have "either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim[.]" Bullock v. Hana Sec. Servs., No. 22-cv-2608 (DLF), 2025 WL 1795052, at *2 (D.D.C. June 30, 2025) (citing GAF Corp., 818 F.2d at 905–06).

Thus, as a prerequisite to filing his suit, the plaintiff in this case had to first file an administrative claim with either the Secret Service or the Department of Homeland Security. However, the plaintiff does not make any representations that he made such an effort. He has not pleaded any facts indicating that he has either "presented the claim to the . . . [relevant] agency[,]" 28 U.S.C. § 2675(a), or that his claim has "been finally denied by the agency[,]" id. Accordingly, the Court concludes that the plaintiff's "fail[ure] to heed [the FTCA's] clear statutory command" to administratively exhaust his remedies before filing suit mandates dismissal of his tort claims for lack of subject-matter jurisdiction. McNeil, 508 U.S. at 113.

**B.     Whether the Court has Subject-Matter Jurisdiction over the Plaintiff's Constitutional Claims**

The plaintiff also appears to allege constitutional violations committed by the defendant. See e.g., Compl. at 13 ("[T]hey made the actual decision to arrest . . . due to them finding [one] 9mm bullet in one of my book bags during an unlawful search, impound and seizure of my private property."). However, to the extent that the plaintiff does allege Fourth or Fifth Amendment constitutional tort claims against the defendant, the claims must be dismissed because they are barred by sovereign immunity, which the defendant has not waived. See

8

Clayton v. District of Columbia, 931 F. Supp. 2d 192, 200 (D.D.C. 2013) ("If sovereign immunity has not been waived, a claim is subject to dismissal under Rule 12(b)(1) for lack of subject[-]matter jurisdiction."). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit[,]" Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994), and "[i]n order to overcome this bar, a plaintiff must prove that the United States has waived its sovereign immunity[,]" Achachak v. U.S. Dep't of Com., No. 24-cv-2005 (TSC), 2025 WL 1503803, at *2 (D.D.C. May 27, 2025) (citing Tavoulareas v. Comnas, 720 F.2d 192, 195 (D.C. Cir. 1983) ("Plaintiffs bear the burden of establishing jurisdiction . . . and it must appear on the face of the complaint[.]")). Here, however, "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." Meyer, 510 U.S. at 478; see Miller v. District of Columbia, 319 F. Supp. 3d 308, 313 (D.D.C. 2018) ("The FTCA does not waive the United States' immunity from a lawsuit . . . that is based on constitutional torts[.]"); Davis v. U.S. Dep't of Justice, No. 24-cv-2195 (SLS), 2025 WL 1411074, *3 (D.D.C. May 15, 2025) ("[T]he FTCA does not waive sovereign immunity for constitutional tort claims[.]"). Thus, "[e]ven if [the p]laintiff had presented his claim [to the defendant], [because] the United States has not rendered itself liable under the FTCA for constitutional tort claims[,]" Johnson v. Fenty, No. 10-5105, 2010 WL 4340344, at *1 (D.C. Cir. Oct. 1, 2010) (internal quotation marks omitted), the defendant has not waived its sovereign immunity. Therefore, the Court must dismiss the plaintiff's Fourth and Fifth Amendment claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court concludes that it must grant the defendant's motion to dismiss on for lack of subject matter jurisdiction.

**SO ORDERED** this 17th day of October, 2025.

                                                REGGIE B. WALTON  
                                                United States District Judge

Case 1:24-cv-00668-RBW  Document 11  Filed 10/17/25  Page 10 of 10